JAMES W. COTTRELL, ET AL. *v.* LUTHER J. COTTRELL, ET AL.

[Abstract Kentucky Law Reporter Vol. 7—673.]

**Innocent Purchaser of Land Protected.**
Notwithstanding the fraud of those representing minor children in disposing of their land and failing to account for the proceeds, if

the land is sold under the order of the court and approved according to the statute, the grantee and the grantee of the grantee, who buy such land and pay for it without any knowledge of the fraudulent acts of those representing the minors, can not be disturbed in their rights of ownership. The title of an innocent purchaser is secure.

## APPEAL FROM DAVIESS CIRCUIT COURT.

### March 25, 1886.

OPINION BY JUDGE PRYOR:

While no greater or more unblushing fraud could have been practiced upon the rights of infants than appears from the facts of this record, the court is powerless to afford relief against parties who were not only innocent of the fraudulent conduct of Cottrell, but seem to have purchased the land descending to the infants and sold under the decree obtained by their guardian in the best of faith.

The father of these infants owned a tract of land at his death that passed to his widow and children, and their mother (the widow), as their statutory guardian, filed a petition in the Daviess Circuit Court asking a sale of their land as well as her dower interest. The land was sold, and Luther Cottrell became the purchaser with the mother of these children, who was their statutory guardian, as his surety for the purchase-money. Cottrell also became the surety of the guardian on her bond, as required by the statute before the sale of infant's real estate will be ordered. He was also one of the commissioners to value the estate of the infants and the land in question.

The payment of the purchase-money seems to have been acknowledged of record, and in fact after the purchase by Cottrell an amended petition was filed by the guardian alleging the payment of the purchase-money and asking that certain irregularities in the proceedings under which the sale was made should be corrected. The defects were cured and the title made perfect in the purchaser. The appellee, Mrs. Ray, who was a tenant on this land at the time of the purchase by Cottrell, bought the land of him at an advance or a profit of $2,100, and, having some doubt about the title, from her purchase originated the filing of the amended petition by virtue of the curative statute. Mrs. Ray exe-

cuted her notes for the deferred payments to Cottrell, and the dates of their maturity seem to have been fixed at the time the infants would arrive at age. The notes were payable to Cottrell, executed by Mrs. Ray in his individual right, and he assigned one of the notes to Barnes for value and the other to Weir. The purchase-money has all been paid by Mrs. Ray except the note to Weir, but these two infants have received no part of the estate, and Luther Cottrell and the guardian are insolvent. These two infants, one of them becoming of age when the suit was instituted, have set up the fraud on the part of Luther Cottrell, alleging the purchase by him in trust for them; that he had never paid them any part of the purchase-money although the record so recited; and that Weir and Mrs. Ray knew of the existence of the fraud or the manner of the holding by Cottrell under his purchase, or if not were placed in the possession of such facts as should have put them on inquiry.

We find nothing in the case outside of the record of the petition by the guardian for the sale of the land that indicated to the purchaser, Mrs. Ray, any fact which would place her on inquiry, and when going to the record we find that Cottrell was invested with a clear title. The appellee, Mrs. Ray, employed an attorney to examine the condition of the title, and the amended petition was filed to cure a mere inequality, and in that judgment confirming what had been done it is expressly stated that the purchase-money had been fully paid. The purchaser from Cottrell was obtaining or trying to obtain a good title, and had no reason to apprehend or anticipate the fraud of Cottrell, or that he was representing the infants when he purchased. It is true the record showed a sale to Cottrell that had been confirmed, and the purchase by Mrs. Ray was for $2,100 more than Cottrell gave for it; but that did not authorize the purchaser from Cottrell to infer fraud, or require her to institute an inquiry as to whether fraud existed. The record of the suit by the guardian also showed that the guardian and the purchaser, Cottrell, were becoming surety the one for the other, and that Cottrell was one of the appraisers; still it was a family arrangement, and the tenant on the land who was about to convert herself into a purchaser had every reason to believe that it was a bona fide transaction. The proceedings were conducted under the supervision of the chancellor and his commissioner, the purchase-

money acknowledged paid, the sale confirmed and a deed made to Cottrell; and now it is insisted that the tenant should have discovered the fraud that was being practiced on the guardian and the mother of these children when she, the guardian, seems to have had implicit confidence in Cottrell and placed in his hands the entire disposal of her children's estate. Under a secret trust he held, as is claimed and proved, this money or the title to the land for the infants, when the inspection of the record by the tenant on the farm or her attorney showed a complete and perfect title in Cottrell.

The guardian stood by and saw the children divested of title, the purchase by Mrs. Ray of Cottrell and the payment of her money without any notice whatever of the interests of the children and the manner of holding by Cottrell, and now asks that knowledge should be carried home to Mrs. Ray because of a record that shows improper practices of fraud by Cottrell. This the chancellor ought not to do. Mrs. Ray obtained a good title when she purchased of Cottrell. He owned the land, and neither the appellee, Mrs. Ray, nor the holder of the unpaid purchase-money note (Weir) should be held accountable for Cottrell's fraud. They are innocent purchasers and must hold as against these infants who have been robbed of their estate.

The law has placed it within the power of the guardian to ask the chancellor to dispose of their land, and if the purchaser under the judgment has violated the confidence reposed in him by the guardian and this way obtained title, parties to whom he has sold innocent of the fraud should not be made to suffer. Judgment *affirmed*.

*Wm. Lindsay, Stuart & Atchison, Ed. W. Hines, for appellants.*
*Geo. W. Jolly, Weir, Weir & Walker, for appellees.*